# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| Gail Moore<br><br>  Plaintiff,<br><br>v.<br><br>The CBE Group, Inc.<br><br>  Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Gail Moore, ("Gail"), is a natural person who resided in Lancaster, Texas, at all times relevant to this action.

2. Defendant, The CBE Group, Inc., ("CBE"), is an Iowa Corporation that maintained its principal place of business in Cedar Falls, Iowa, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, CBE collected consumer debts.

6. CBE regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of CBE's revenue is debt collection.

8. CBE is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described, *infra*, CBE contacted Gail to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Gail is a "consumer" as defined by 15 U.S.C. §1692a(3).

12. Around the end of 2013 or beginning of 2014, CBE began contacting Gail on Gail's cellular phone in connection with the collection of the debt.

13. On at least one occasion, around January 2014, Gail identified herself and asked CBE to disclose its identity, but CBE refused to identify itself or reveal the purpose of the call. Instead, CBE spoke to Gail in an aggressive manner and demanded that Gail provide additional personal information about herself.

14. On at least one occasion, around January 2014, Gail requested CBE cease further calls to Gail.

15. Despite this request, CBE contacted Gail on Gail's cellular phone in connection with the collection of the debt nearly every day throughout January 2014.

16. On more than one occasion, CBE contacted Gail on Gail's cellular phone multiple times a day.

17. On more than one occasion, Gail requested CBE cease further calls to Gail.

18. CBE regularly engages in a debt collection practice whereby CBE asks a consumer to verify personal information about himself or herself after the consumer has already identified himself or herself as the person associated with the debt in question.

19. Under CBE's debt collection practice, if the consumer does not verify the additional personal information requested, CBE does not adequately disclose its identity to the consumer.

20. Under CBE's debt collection practice, if the consumer does not verify the additional personal information requested, CBE considers the call a "non-Right Party Connection."

21. If during a call that CBE considers a "non-Right Party Connection," the consumer communicates his or her desire that CBE cease calling the consumer, CBE disregards the consumer's request as if it had not been made.

22. CBE's policy and practice of asking a consumer to verify personal information about himself or herself after the consumer has already identified himself or herself as the person with whom CBE is looking to speak interferes with the consumer's ability to request that CBE stop calling.

23. CBE's policy and practice of categorizing certain communications with consumers as "non-Right Party Connections" and disregarding certain requests and communications made by consumers during those calls violate the FDCPA.

24. In this case, CBE followed the aforementioned policy and practice by asking Gail to verify personal information about herself after Gail had already identified herself as the person associated with the debt in question.

25. CBE's policy and practice violated the FDCPA as to Gail.

26. CBE caused Gail emotional distress.

27. CBE attempted to collect a debt from Gail.

28. CBE violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

37. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

38. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA


By:   /s/ Robert C. Newark, III
One of Plaintiff's Attorneys

Date: October 29, 2014

*Of Counsel*
Robert C. Newark, III, Esq.
TX Bar No. 24040097
9813 Rail Road Street
Midwest City, OK  73130
Phone:  405-204-0047
Email:  Rob.newark@yahoo.com